UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 20-CR-99 (JFB)

UNITED STATES OF AMERICA,

versus

JONATHAN PORTILLO,

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 29 2025 ★
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
July 29, 2025

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

Defendant Jonathan Portillo ("Defendant" or "Portillo") moves this Court, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in the 84-month sentence imposed by this Court on September 18, 2022. Dkt Nos. 58, 69, 70. Portillo's motion is based on Amendment 821 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), which took effect on November 1, 2023, and applies retroactively under Amendment 825. For the reasons set forth below, the Court denies Portillo's motion to reduce his sentence.

I. BACKGROUND

On June 23, 2021, Portillo pled guilty to Count One of the Indictment, charging him with conspiracy to distribute and possess a controlled substance, with intent to distribute 40 grams or more of fentanyl. 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B)(vi) and 846.

Portillo was sentenced on September 19, 2022. As an initial matter, in calculating the applicable Guidelines range, the Court found that Portillo had an offense level of 25 which, with a criminal history category of III, resulted in an advisory range of 70 to 87 months' imprisonment. Sept. 19, 2022 Sentencing Transcript, Dkt. No. 73 (hereinafter, "Sent. Tr."), at 6–7. That calculation included a two-point increase in the score for his criminal history category, pursuant to U.S.S.G. § 4A1.1(d), because he committed the instant offense while on supervised release for a prior federal conviction in this District. *Id.* at 7. Therefore, he had a total of five criminal history points, resulting in the criminal history category of III. After considering all of the factors under 18 U.S.C. § 3553(a), the

Court sentenced Portillo principally to 84 months' imprisonment.[1] *Id.* at 28.

In arriving at that sentence, the Court explained its reasoning under the Section 3553(a) factors. With respect to the seriousness of the offense, the Court noted that "[t]he defendant was involved in the sale of an extremely dangerous and deadly drug, highly addictive drug that kills, and was selling it" and "endangering the lives of all those who [were] using it, purchasing it." *Id.* at 23. As to the defendant's history and characteristics, the Court noted that the defendant had an earlier federal conviction for his participation in armed robberies as part of the violent activities of the MS-13 street gang, as well as a supervised release violation relating to his possession of heroin and marijuana in a car (for which the Court imposed nine months' imprisonment). *Id.* at 23–24. Thus, the Court emphasized that, "notwithstanding his remorse and acceptance of responsibility, . . . [the 84-month] sentence [was] necessary to protect the public from further crimes, by the defendant." *Id.* at 24. The Court explained that "[t]he past sentences [it had] imposed on him [had] not deterred him from engaging in criminal activity" and "so the sentence [had] to be substantial to deter him." *Id.* Furthermore, the Court emphasized that, "because of the [f]entanyl epidemic and crisis, [] a general deterrence message of a sentence of [84 months was] necessary to send to others who are on the street involved in selling this drug, or in the future thinking [] about being involved in this distribution of this drug." *Id.* at 24–25. Although the Court also acknowledged the defendant's difficult upbringing and health concerns, it ultimately concluded that a sentence of 84 months was warranted based on the totality of the circumstances, and that the same sentence would have been imposed even if the Guidelines range had been lower. *Id.* at 25–26.

On November 11, 2023, Portillo filed what this Court construes as a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Guidelines. Dkt. No. 58. Portillo supplemented his motion on July 29, 2024, and his counsel filed an additional supplemental submission on September 18, 2024. Dkt. Nos. 69, 70. On November 18, 2024, the government submitted a letter in response to the motion. Dkt. No. 74. Portillo did not file a reply.[2]

## II.  LEGAL STANDARD

"A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582." *Poindexter v. United States*, 556 F.3d 87, 89 (2d Cir. 2009). Section 3582(c)(2) provides that a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

When considering a defendant's motion for a reduced sentence under Section 3582(c)(2), the Court must perform a two-step inquiry. *See Dillon v. United States*, 560

---

[1] With respect to the supervised release violation, the Court sentenced Portillo to a concurrent term of 24 months' imprisonment. *Id.* at 30.

[2] Portillo filed an additional letter, on February 12, 2025, in which he raised other issues regarding his incarceration. Dkt. No. 75. Although he stated in that letter, in a conclusory fashion, that he was willing to serve his remaining term of imprisonment, the Court does not construe that cursory statement to constitute a formal withdrawal of his motion and, thus, the Court decides his motion on the merits.

2

U.S. 817, 827 (2010). First, the court must determine if the defendant is eligible for a sentence modification because an applicable amendment has reduced their sentencing range. *Id.* Second, if the defendant is eligible for a sentence reduction, the court must then consider any applicable 18 U.S.C. § 3553(a) factors, along with "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," *Freeman v. United States*, 564 U.S. 522, 531 (2011), to determine whether the reduction is warranted in whole or in part under the particular circumstances of the case, *Dillon*, 560 U.S. at 827. Therefore, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Freeman*, 564 U.S. at 532; *see also United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (upholding denial of sentence reduction, despite the defendant's eligibility, based on the defendant's threat to the community); *United States v. Cirino*, No. 24-714-CR, 2024 WL 5154005, at *1 (2d Cir. Dec. 18, 2024) (summary order) (affirming a district court's determination that, "notwithstanding [the defendant's] eligibility for a sentence reduction under Amendment 821, no sentence reduction was warranted under the sentencing considerations listed in 18 U.S.C. § 3553(a)," including because of "the seriousness of the conduct leading to [the defendant's] conviction, his leadership role, his criminal history, and the fact that he committed the crime while on supervision for a prior conviction").

Amendment 821, which is an applicable amendment supporting relief under Section 3582(c)(2), *see* U.S.S.G. § 1B1.10(c), changed how the Guidelines apply to certain categories of offenders: specifically, (1) those who previously received criminal history "status points" for committing an offense while serving a criminal justice sentence, and (2) those who had zero criminal history points at sentencing. *See* U.S.S.G. amend. 821. Part A of the amendment modifies Section 4A1.1 of the Guidelines by eliminating the two status points that were previously assigned under Section 4A1.1(d) to defendants who committed their offense while under a criminal justice sentence, such as probation, parole, supervised release, imprisonment, work release, or escape. *Id.* at Part A. Part B of the amendment changes Section 4C1.1 to decrease a defendant's offense level by two levels if the defendant is a "zero-point offender." U.S.S.G. § 4C1.1(a).

### III. DISCUSSION

Here, the government concedes that the defendant is eligible for a sentence reduction under Amendment 821, as the two-point increase under Section 4A1.1(d) of the Guidelines should no longer be applied to the defendant for purposes of his criminal history score. Thus, the resulting amended Guidelines range of 63 to 78 months' imprisonment, based upon his new criminal history category of II, is lower than the 84-month sentence imposed by the Court. The government nevertheless argues that the motion should be denied because "the § 3553(a) factors fully support the 84-month sentence imposed by the Court, regardless of the change in the Guidelines." Government's Letter Response, dated Nov. 18, 2024, Dkt. No. 74, at 1. As set for below, the Court agrees with the government.

Under the two-step inquiry outlined in *Dillon*, even though Portillo is eligible for a sentence reduction due to Amendment 821, the Court has substantial discretion to deny modification based upon the Section 3553(a) factors, including seriousness of the offense, the defendant's criminal history, and the

potential danger posed to the community. *See Dillon*, 560 U.S. at 827; *Freeman*, 564 U.S. at 531–32; *Figueroa*, 714 F.3d at 761. The Court made clear at the initial sentencing that it "would impose this sentence even if the guideline calculation were different" and that "the seven years . . . is warranted based upon the balancing of all the [Section 3553(a)] factors, independent of the guidelines range." Sent. Tr. at 25. Here, after a *de novo* review of the Section 3553(a) factors, the Court's assessment of the Section 3553(a) factors at the September 2022 sentencing proceeding still applies with equal force today, even though the 84-month sentence now constitutes an upward variance from the now-applicable Guidelines range.

Although Portillo attaches four certificates of completion from the Education Department in support of his motion, these commendable efforts do not establish that a sentence reduction is warranted under Section 3582(c)(2). Given the severity and persistence of Portillo's criminal conduct, his educational achievements and any other mitigating factors (including any unwarranted sentencing disparities that arguably could result from this decision) are insufficient to outweigh the compelling Section 3553(a) factors supporting a denial of any request for a reduction in his sentence, including the seriousness of his offense, the continuing need to protect the public from further criminal activity by Portillo, to deter him from such activity, and to provide general deterrence to others.

In sum, in the exercise of its discretion, the Court concludes that, although Portillo is eligible for a sentencing reduction under Section 3582(c) based upon Amendment 821, no reduction is warranted based upon the Court's assessment of the Section 3553(a) factors, including the nature and seriousness of the danger to the community posed by any reduction to Portillo's sentence.

## IV. CONCLUSION

For the foregoing reasons, Portillo's motion to reduce his sentence is denied.

SO ORDERED.
/s/ Joseph F. Bianco
_____
JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: July 29, 2025
Central Islip, NY

\* \* \*

The United States is represented by Assistant United States Attorney Paul G. Scotti of the United States Attorney's Office for the Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Defendant Jonathan Portillo is proceeding *pro se*. Marianna Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 7007, Marianna, Florida 32447.